ROBERT DAVID BAKER, INC.
Robert David Baker, Esq. (87314)
80 South White Road
San Jose, CA 95127
Telephone: (408) 251-3400
Facsimile: (408) 251-3401
rbaker@rdblaw.net

Attorney for Plaintiff
ZELYN SANCHEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZELYN SANCHEZ, on behalf of himself and those similarly situated employees,<br><br>Plaintiff,<br><br>vs.<br><br>TACOMANIA, INC.; JOSEFINA FLORES; JOSE A. ROMERO,<br><br>Defendants. | CASE NUMBER:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1.) Violation of FLSA, section 207 (overtime wages);<br>2.) Violation of FLSA, section 206 (minimum wage)<br>3.) Violation of California Labor Code § 510 (overtime);<br>4.) Violation of California Labor Code § 1197.1 (minimum wage)<br>5.) Violation of Labor Code §§ 226.7, 512 (meal and rest break)<br>6.) Violation of Labor Code § 201 (wages at termination)<br>7.) For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code §§ 17200, et seq. |

Plaintiff Zelyn Sanchez alleges as follows:

## JURISDICTION AND VENUE

This action is brought pursuant to 29 U.S.C. §§ 201, et seq., and this court has jurisdiction pursuant to 29 U.S.C. § 216(b) and the doctrines of pendent and supplemental jurisdiction pursuant. Pursuant to 29 U.S.C. A § 216(b).

1. Plaintiff Zeleyn Sanchez is an individual who has his place of residence in the Northern District of California;

2. Defendant Tacomania, Inc. is a California Corporation, with its principal place of business in Santa Clara County, California. Josefina Flores and Jose A. Romero are individuals, residing in the Northern District of California, who are the principal and sole and controlling stockholders in Defendant Tacomania, Inc., hereinafter collectively referred to as ("Defendants"). Plaintiff is informed and believes that Tacomania, Inc., is the alter ego of Defendant Josefina Flores and Jose A. Romero, and that Tacomania, Inc. was formed, among other reasons, to defraud workers like Plaintiff by purportedly erecting a corporate shield to protect Defendants Josefina Flores and Jose A. Romero's wrongful conduct of violating State and Federal wage laws. Tacomania, Inc. is not properly capitalized to respond in damages to workers' wage and hour complaints, such as Plaintiff herein. There is such a unity of interests between Tacomania, Inc. and Defendants Josefina Flores and Jose A. Romero that it would be unfair and inequitable to honor the corporate shield in the instant case because the result would be to fraudulently deprive Plaintiff in this action of money lawfully owing to him for his earnest labor, and such a result would be inequitable.

There is a unity of interest and ownership between Tacomania, Inc. and Defendants Josefina Flores and Jose A. Romero, such that the separate personalities of the corporation and the individuals no longer exist, *inter alia*, to wit: money and assets are comingled between Josefina Flores, Jose A. Romero and Tacomania, Inc.; the formalities of the corporate structure are disregarded by Defendants Josefina Flores and Jose A. Romero; the corporation acts as a conduit in which to avoid the payment of State and Federal taxes, and compulsory withholding for taxation purposes; Defendants Josefina Flores and Jose A. Romero otherwise ignore the corporate separateness between themselves and Tacomania, Inc., and; the corporation is set up as a shield to defraud its employees;

3. Plaintiff is informed and believes that each employee, agent, or manager of Defendants personally participated, directed, authorized, and ratified the conduct set forth hereinafter. The conduct of those individuals was done in the course and scope of their agency and employment with Defendants;

4. Plaintiff alleges that those present and former employees similarly situated to himself were subject to a plan, scheme, and policy of Defendants that deprived them of their lawfully earned overtime premiums and minimum wages;

## SUBSTANTIVE ALLEGATIONS

5. Plaintiff began working at Tacomania, Inc. in August 2014. Plaintiff was terminated in March 2016;

6. Plaintiff performed duties as a cashier and Assistant Cook, duties that are non-exempt under both California and Federal wage and hour law;

7. From on or after the date of his hire, Plaintiff was required to work in excess of eight hours per day and/or forty hours per week without overtime compensation;

8. During his employment with Defendants, Plaintiff's hourly rate was $10.50 per hour;

9. During all times relevant herein, Plaintiff was denied meal breaks and rest breaks;

10. During all times relevant herein, Plaintiff was not subject to an exemption from overtime compensation pursuant to California or Federal law;

11. Defendants conceived of a plan, scheme, and policy, whereby they would increase profits and gain competitiveness over similarly situated businesses by depriving Plaintiff and other similarly situated hourly workers of earned overtime premiums through the artifice of paying its workers in cash, except for the period January to March 2016. Plaintiff is bringing this action as a class action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), to redress this uniform plan, scheme, and company policy with respect to the failure to pay overtime and minimum wage compensation;

12. Because Defendants did not provide its workers with time records for the time that they were paid in cash, Plaintiff does not have the exact dates he was not paid the State and Federal minimum wages, but estimates, at a minimum, every Friday Plaintiff worked, he worked approximately eighteen hours per day.

**FIRST CAUSE OF ACTION**
(Violation of Fair Labor Standards Act – Overtime Compensation
29 U.S.C. § 207)

13. Plaintiff incorporates those paragraphs 1 through 12, inclusive, as if fully set forth hereinafter;

Sanchez v. Tacomania, Inc., et al
Complaint for Damages and Demand for Jury Trial
4

14. At all times relevant herein, Plaintiff was covered pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. A. § 201, *et seq.* ("FLSA"). Defendants were employers within the meaning of the 29 U.S.C.A. § 203(d);

15. 29 U.S.C. § 207 requires all covered employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by law;

16. Although Plaintiff was not exempt from overtime compensation during his employment with Defendants, and although Defendants had full knowledge of their duty to pay overtime compensation to Plaintiff, Defendants knowingly, through the scheme described in paragraph eleven, supra, caused, suffered, and permitted Plaintiff to regularly work in excess of forty hours per week without paying him overtime wages, at one-and-one-half his regular rate of pay. For example, during each pay period of his employment from August 2014 to March, 2016, Plaintiff worked in excess of forty hours during each workweek and was paid only at his regular rate of $10.50 per hour.

17. By not paying overtime wages, Defendants violated Plaintiff's rights under the FLSA;

18. As a direct and proximate cause of Defendants' failure to pay overtime wages under the FLSA, Plaintiff incurred compensatory damages in the form of lost overtime compensation;

19. Defendants willfully and intentionally, and with reckless disregard of their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his overtime compensation, and thus Defendants are liable to Plaintiff for liquidated damages in an amount equal to his lost overtime wages pursuant to 29 U.S.C. §216(b);

20. Plaintiff has been compelled to retain an attorney to bring this action for relief and is entitled to an award of reasonable attorney fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for judgment as set forth below;

**SECOND CAUSE OF ACTION**
(Violation of Fair Labor Standards Act – Minimum Wage Compensation
29 U.S.C. § 206)

21. Plaintiff incorporates those paragraphs 1 through 20, inclusive, as if fully set forth hereinafter;

22. At all times relevant herein, Plaintiff was covered pursuant to the provisions of 29 U.S.C. A. § 207, which requires all covered employees to be paid the Federal hourly minimum wage, unless specifically exempted by law;

23. Although Plaintiff was not exempt from the Federal hourly minimum wage during his employment with Defendants, and although Defendants had full knowledge of their duty to pay Plaintiff the Federal minimum wage, Defendants knowingly caused, suffered, and permitted Plaintiff to regularly work below the Federal hourly minimum wage;

24. Although Defendants had full knowledge of their duty to pay the Federal hourly minimum wage to Plaintiff, Defendants knowingly failed to pay Plaintiff the Federal hourly minimum wage compensation;

25. By not paying Plaintiff the Federal hourly minimum wage, Defendants violated the rights of Plaintiff under the FLSA;

26. As a direct and proximate cause of Defendants' failure to pay Plaintiff the Federal hourly minimum wage under the FLSA, Plaintiff incurred compensatory damages in the form of lost minimum wage compensation;

27. Defendants willfully and intentionally, and with reckless disregard of their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff the Federal hourly minimum wage, and thus Defendants are liable to Plaintiff for liquidated damages in an amount equal to his lost minimum wages pursuant to 29 U.S.C. §216(b);

28. Plaintiff has been compelled to retain an attorney to bring this action for relief and is entitled to an award of reasonable attorney fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for judgment as set forth below;

### THIRD CAUSE OF ACTION
(Violation of California Labor Code Sections 510- Non Payment of Overtime)

29. Plaintiff re-alleges and incorporates the allegations of paragraphs 1- 28 as if fully set forth herein;

30. During the last four years, Plaintiff's employment was subject to California Labor Code Section 510, et. al, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which require all covered employees to be paid overtime for work performed in excess of forty hours per week and eight hours per day, unless specifically exempted by the law;

31. At all times relevant herein, Plaintiff regularly worked in excess of forty hours per week and/or in excess of eight hours per day. Plaintiff was not paid the required overtime premium;

32. During the term of Plaintiff's employment, Defendants knowingly and willfully caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week and/or eight hours per day without paying him the required overtime rate;

33. By not paying Plaintiff overtime wages in compliance with California law, Defendants violated Plaintiff's rights under the law, specifically California Labor Code Section 510;

34. As a direct and proximate cause of Defendants' failure to pay Plaintiff overtime wages under the California Labor Code and Wage Orders, Plaintiff has incurred compensatory damages in the form of lost overtime compensation in amounts to be proven at trial;

35. Defendants were aware of the existence and requirements of the California Labor Code Section 510 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiff the overtime compensation due him at the time his employment ended;

36. Plaintiff has been compelled to retain an attorney for the purpose of redress of the Labor Code violations and is entitled to an award of attorneys fees and pre-judgment interest pursuant to California Labor Code Section 1194(a), and other applicable Code sections;

WHEREFORE, Plaintiff prays for judgment as set forth below.

## **FOURTH CAUSE OF ACTION**
(Violation of California Labor Code § 1197.1– Minimum Wage)

37. Plaintiff incorporates those paragraphs 1 through 36, inclusive, as if fully set forth hereinafter;

38. At all times relevant herein, Plaintiff was covered pursuant to the provisions of California Labor Code § 1197.1;

39. California labor Code § 1197.1, requires all covered employees to be paid the state hourly minimum wage;

40. Although Plaintiff was not exempt from the California hourly minimum wage during his employment with Defendants, and although Defendants had full knowledge of their duty to pay the California hourly minimum wage, Defendants knowingly caused, suffered, and permitted Plaintiff to regularly work below the California hourly minimum wage;

41. Although Defendants had full knowledge of their duty to pay the minimum wage compensation to Plaintiff, Defendants knowingly failed to pay Plaintiff the California hourly minimum wage;

42. By not paying the California hourly minimum wage, Defendants violated California Labor Code section 1197.1;

43. As a direct and proximate cause of Defendants' failure to pay the California hourly minimum wage, Plaintiff incurred compensatory damages in the form of lost minimum wage compensation;

44. Defendants willfully and intentionally, and with reckless disregard of their responsibilities under California law, and without good cause, failed to pay Plaintiff the California hourly minimum wage, and thus Defendants are liable to Plaintiff for liquidated damages in an amount equal to their lost minimum wage compensation;

45. Plaintiff has been compelled to retain an attorney to bring this action for relief and is entitled to an award of reasonable attorney fees;

WHEREFORE, Plaintiff prays for judgment as set forth below;

### FIFTH CAUSE OF ACTION
(Meal and Rest Breaks
Labor Code §§ 226.7, 512)

46. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-45 as if fully stated herein;

47. At all times relevant herein, Plaintiff's employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission;

48. During the period four years prior to the filing of this complaint, Plaintiff routinely worked more than eight hours per day and over forty hours per week, yet Defendants never allowed Plaintiff meal breaks nor mandatory ten-minute rest breaks, and compelled Plaintiff to work through those meal and rest break periods;

49. By requiring Plaintiff to work through the mandated meal and rest breaks, Defendants violated Plaintiff's rights under Labor Code Section 226.7;

50. As a direct and proximate cause of Defendants' failure to provide the mandated meal and rest breaks under the California Labor Code and Wage Orders, Plaintiff has incurred compensatory damages in the form of lost meal and rest break premiums in amounts to be proven at trial;

51. Defendants were aware of the existence and requirements of California Labor Code Sections 226.7 and 512 and the Wage Orders, and Defendants willfully, knowingly, and intentionally failed to provide Plaintiff with the mandatory meal and rest breaks;

WHEREFORE, Plaintiff prays for judgment as set forth below.

### SIX CAUSE OF ACTION
(Failure to Pay Wages Upon Termination
Labor Code §§ 201, 202, 203)

52. Plaintiff re-alleges and incorporates those allegations of paragraphs 1-51, as if fully stated herein;

53. Defendants are subject to Labor Code Sections 201, 202, and 203, which provide that upon discharge or layoff from employment, the subject employee is subject to

immediate payment of wages within a reasonable amount of time not to exceed 72 hours;

54. Defendants failed to make immediate payment to Plaintiff upon discharge;

55. By not paying Plaintiff immediate terminating wages upon discharge, Defendants violated Plaintiff's rights under Labor Code Section 201;

56. As a direct and proximate cause of Defendants failure to pay immediate compensation due under California Labor Code Section 201, Plaintiff has incurred compensatory damages in the form of lost wages, in an amount to be proven at trial;

57. Defendants were aware of the existence of the requirement of immediate payment of wages upon discharge pursuant to California Labor Code Section 201, and willfully, knowingly, and intentionally failed to pay Plaintiff the immediate payment upon termination or layoff;

58. Plaintiff has been required to retain an attorney for the purposes of redress of the Labor Code Violations set forth herein and is entitled to an award of attorney fees and pre-judgement interest pursuant to California Labor Code Section 1194(a), and other applicable Labor Code sections.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### SEVENTH CAUSE OF ACTION
(For Restitution of Unpaid Overtime Wages
In Violation of California's Unfair Trade Practices Act
Business and Profession Code Sections 17200, et seq.)

59. Plaintiff re-alleges and incorporates those allegations of paragraphs 1-58, as if fully stated herein;

60. At all times relevant herein, Plaintiff's employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California

Industrial Welfare Commission and the FLSA, which require all employees to be paid overtime for work performed in excess of forty hours per week/or eight hours per day unless specifically exempted by the law, and minimum wages. Pursuant to the California Labor Code and Applicable Wage Orders, Defendants were required to provide meal and rest breaks to its employees;

61. During the four years prior to filing tis complaint, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq.*). Defendants violated the Unfair Trade Practices Act, by <u>inter alia</u>, failure to pay Plaintiff overtime, minimum wages, and to provide meal and rest breaks;

62. During the four years prior to filing this complaint, Defendants wrongfully obtained monies from Plaintiff in the form of overtime wages, minimum wages, and meal and rest break hours that inured to Plaintiff. By doing so, Defendants violated the California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by the California Labor Code and applicable California Wage Orders, in order to give Defendants a competitive advantage over businesses with whom Defendants are in competition with, and who were in compliance with California's wage and hour laws;

63. As a direct and proximate cause of Defendants statutory violations, the rights of the Plaintiff under the law were violated, causing him to incur general damages in the form of unpaid and lost wages to which he was legally entitled;

64. Defendants were aware of the existence and requirements of the state and federal wage and hour laws, and willfully, knowingly, and intentionally violated those wage

and hour laws, and the violation was willful, intentional, malicious, fraudulent, and done without regard for the health or welfare of Plaintiff and therefore Plaintiff seeks an award of punitive damages to be determined at time of trial. Defendants failed to pay Plaintiff overtime pay and provide meal and rest breaks. Plaintiff herein seeks restitution of such compensation pursuant to the Business and Professions Code §17203;

WHEREFORE, Plaintiff prays for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants and demand as follows:

1. Award Plaintiff economic and compensatory economic damages for unpaid overtime premiums, loss of minimum wages, loss of meal, and rest break premiums, and other pecuniary losses in amounts to be proven at trial;

2. Award Plaintiff pre-judgment interest of 10% on the amounts due under the California Labor Code;

3. Award Plaintiff liquidated damages according to the FLSA and California Labor Code section 1197.7, for overtime and minimum wage violations;

4. Award Plaintiff restitution of unpaid overtime and meal and rest break premiums, lost minimum wage, <u>inter alia</u>, pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

5. Award Plaintiff compensation pursuant to Labor Code Section 201, for the failure of Defendants to make immediate payment of wages due on separation of employment;

6. Enter an order certifying this action as an FLSA collective class action based on the class of hourly employees who worked for Defendants within the past four years, and who were entitled to overtime and minimum wage compensation pursuant to 29 U.S.C. § 207;

7. Enter a permanent injunctive order against Defendants ensuring compliance with California Labor Code and Wage Orders and the FLSA;

8. Enter an order decreeing Defendants Josefina Flores and Jose A. Romero personally liable for all damages incurred by Plaintiff;

9. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and the FLSA;

10. Award Plaintiff his costs of suit herein;

11. Grant such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES**

Dated: March 28, 2017

_____
Robert David Baker, Esq.