1  ROBERT DAVID BAKER, INC.
   Robert David Baker, Esq. (87314)
2  80 South White Road
   San Jose, CA 95127
3  Telephone: (408) 251-3400
   Facsimile: (408) 251-3401
4  rbaker@rdblaw.net

5  Attorney for Plaintiffs
   ZELYN SANCHEZ; ELOINA FUENTES;
6  JENNY FUENTES; ERIK LAZO-RODRIGUEZ;
   GUSTAVO VALENZUELA; MARIA AYALA;
7  MARIA ANGELA CEJA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ZELYN SANCHEZ; ELOINA FUENTES; JENNY FUENTES; ERIK LAZO-RODRIGUEZ; GUSTAVO VALENZUELA; MARIA AYALA; MARIA ANGELA CEJA; on behalf of themselves and those similarly situated individuals,<br><br>**Plaintiffs,**<br><br>vs.<br><br>TACOMANIA, INC.; JOSEFINA FLORES; JOSE A. ROMERO,<br><br>**Defendants.** | CASE NUMBER: 5:17-cv-01691-EJD<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1.) Violation of FLSA, section 207 (overtime wages);<br>2.) Violation of California Labor Codes §§ 510, 1194, 1198 (overtime);<br>3.) Violation of Labor Code §§ 226.7, 512 (meal and rest breaks)<br>4.) Violation of Labor Codes §§ 201, 202, 203 (wages at termination)<br>5.) For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act Business and Professions Code §§ 17200, et seq. |
|---|---|

**DEMAND FOR JURY TRIAL**

Plaintiffs Zelyn Sanchez, Eloina Fuentes, Jenny Fuentes, Eric Lazo-Rodriguez, Gustavo Valenzuela, Maria Ayala, and Maria Angela Ceja on behalf of themselves and other similarly situated individuals (hereinafter, "Plaintiffs") allege as follows:

## NATURE OF CLAIMS

1. Tacomania, Inc., Josefina Flores, and Jose A. Romero ("Defendants" or "Tacomania") failed to pay overtime compensation to Plaintiffs, who were employed as nonexempt cashiers, cooks, and food preparation workers, and provide meal and rest breaks as required by federal and state law;

2. Defendants paid these nonexempt employees in both cash and by check;

3. This action seeks to recover the unpaid wages and other damages owed to Plaintiffs.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 29 U.S.C. §§ 201, et seq., and this court has jurisdiction pursuant to 29 U.S.C. § 216(b) and the doctrines of pendent and supplemental jurisdiction;

5. This District is the proper venue for this action as a substantial part of the events giving rise to this action occurred in this District;

## PARTIES

6. Plaintiffs are individuals who were or are employed by Defendants, and who have their place of residence in the Northern District of California;

7. Defendant Tacomania, Inc. is a California Corporation, with its principal place of business in Santa Clara County, California. Josefina Flores and Jose A. Romero are individuals, residing in the Northern District of California, who are the principal and sole and controlling stockholders in Defendants Tacomania, Inc. Plaintiffs are informed and believe that Tacomania,

Inc., is the alter ego of Defendant Josefina Flores and Jose A. Romero, and that Tacomania, Inc. was formed, among other reasons, to defraud workers like Plaintiffs by purportedly erecting a corporate shield to protect Defendants Josefina Flores and Jose A. Romero from their wrongful conduct, including but not limited to, the violation of State and Federal wage laws. Tacomania, Inc. is not properly capitalized to respond in damages to workers' wage and hour complaints, such as Plaintiffs herein. There is such a unity of interest between Tacomania, Inc. and Defendants that it would be unfair and inequitable to honor the corporate shield in the instant case because the result would be to unjustly deprive Plaintiffs in this action of money lawfully owing to them for their earnest labor, and such a result would be inequitable. There is a unity of interest and ownership between Tacomania, Inc. and Defendants, such that the separate personalities of the corporation and the individuals no longer exist, *inter alia*, to wit: money and assets are comingled between Defendants and Tacomania, Inc. Jose A. Romero and Josefina Flores illegally direct that corporate monies be used to pay certain of its employees in cash or a combination of cash and check for the purpose of evading the overtime laws of the state of California and the United States. The formalities of the corporate structure are disregarded by Defendants; the corporation acts as a conduit to avoid the payment of state and federal taxes, and compulsory withholding for state and federal taxation purposes; Defendants otherwise ignore the corporate separateness between themselves and Tacomania, Inc., and; the corporation is set up, *inter alia*, as a shield to defraud its employees;

8. Plaintiffs are informed and believe that certain employees, agents, or managers of Defendants personally participated, directed, authorized, and ratified the conduct set forth hereinafter. The conduct of those individuals was done in the course and scope of their agency and employment with Defendants;

9. Plaintiffs allege that those present and former employees similarly situated to themselves were subject to a plan, scheme, and policy of Defendants to deprive them of their lawfully earned overtime compensation by paying Plaintiffs by a combination of cash and check, that did not include payment for substantial overtime worked by Plaintiffs, and by directing Plaintiffs to record approximately only forty hours per week on timesheets submitted by Plaintiffs. The putative class of similarly situated persons is defined as those non-administrative present and former hourly, nonexempt employees, including but not limited to, cashiers, cooks and food preparation workers, who worked at Tacomania Inc.'s fixed and mobile restaurants since March 28, 2014;

10. Tacomania, Inc. operates multiple fast Mexican prepared food establishments throughout Santa Clara County, including, but not limited to Gilroy; Monterey Highway San Jose; Downtown San Jose; Santa Clara; and, Mountain View. These establishments are of two types: fixed buildings or mobile trucks located at fixed locations. Both the fixed buildings and trailer locations operate on the same business model. Each location has a cook and cashier, and managers assigned to oversee the locations. At the fixed locations, the customers place the orders with the cashier, and when the order is ready, the cashier acts as a food server. Josefina Flores and Jose A. Romero supervise those locations throughout the day, as well as direct all aspects of the day-to-day business operations, overseeing, payroll, hiring and firing the employees, directing employees not to put overtime on their timesheets, paying employees in cash, and directing employees to submit timesheets in order to avoid the payment of overtime compensation;

11. Plaintiff Zelyn Sanchez began working at Tacomania, Inc. in August 2014. Plaintiff was terminated in March 2016. Plaintiff Eloina Fuentes began working at Tacomania, Inc. in

August 2010. Her last day of work was December 30, 2016. Jenny Fuentes was hired in September 2016. Erik Lazo-Rodriguez was hired summer of 2015. Gustavo Valenzuela was hired September 2013; Maria Ayala was hired September 2016. Maria Angela Ceja was hired in 2015;

12. From on or after the date of their hire, Plaintiffs were required to work in excess of eight hours per day and/or forty hours per week without overtime compensation;

13. During their employment at Tacomania, Inc., Plaintiffs were paid at an hourly rate;

14. During all times relevant herein, Plaintiffs were denied meal breaks and rest breaks;

15. During all times relevant herein, Plaintiffs were not exempt from overtime compensation pursuant to California or Federal law;

16. Because Defendants did not provide its workers with complete and accurate time records for the days they worked, Plaintiffs do not have precise calculations of their overtime compensation losses. However, notwithstanding the foregoing, Plaintiff Zelyn Sanchez worked primarily six days per week at the Coleman Avenue mobile trailer, as follows: Tuesdays, Wednesdays, and Thursdays approximately 3:30 p.m. to 1:00 a.m.; Fridays approximately 3:00 p.m. to 4:00 a.m. the following morning; Saturdays 3:00 p.m. to 4:00 a.m. the following morning. Plaintiff Eloina Fuentes worked at least five days per week at the Stevens Creek trailer location as a cashier from 9:30 a.m. to 12:00 p.m. and at the Monterey fixed restaurant approximately twelve to thirteen hours per day, six days per week.

## COLLECTIVE ACTION ALLEGATIONS

17. 29 U.S.C. § 207 requires all covered employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by law;

18. The proposed collective class that Plaintiffs seek to represent is defined as follows:

All present and former non-administrative, nonexempt, hourly employees of Tacomania, Inc. who worked from March 28, 2014 to the present, including but not limited to cashiers, cooks, and food preparation workers at the fixed and mobile Tacomania facilities from March 28, 2014, to judgment.

19. The collective class is comprised of numerous persons such that the joinder of all members is impracticable. The exact size of the collective class and the identity of the members of the class are ascertainable from payroll and business records maintained by Defendants. The class may be notified of the pendency of this action by mail, or other appropriate media, using the notice similar to that customarily used in wage and hour class actions;

20. Plaintiffs' claims are typical of the members of the collective class of similarly situated individuals because the claims arise from the same course of conduct and policies of Defendants, and the relief sought is common to all members of the collective class;

21. Plaintiffs will fairly and adequately protect the interests of the members of the collective class because their interests do not conflict with the interests of the individual members of the collective class they seek to represent, and they have retained counsel competent and experienced in wage and hour collective class litigation who will prosecute this action vigorously;

22. Through the multiple locations Defendants operate throughout Santa Clara County, California, Defendants' gross not less than $500,000 per year. For example, the Coleman Avenue location within the period of the statute of limitations for this action, grossed approximately $10,000 to $12,000 per week, which is between $520,000 and $624,000 annually. These gross sales are in addition to unknown amounts of money earned at the Coleman location through internet based deliveries through Amazon, Uber, and Door Dash. In addition to the gross

sales at the multiple fixed and mobile locations throughout Santa Clara County, Defendants maintain a mobile trailer at soccer games at Avaya Stadium in San Jose, and advertise for that venue through internet and other media outlets;

23. At all times relevant herein, Defendants were an enterprise engaged in commerce or the production of goods for commerce, and its employees handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce, *inter alia*, Defendants regularly on a daily basis used interstate internet and other media to promote and sell their food products; used the telephone and mails for purchasing its meat and food stuffs that were produced by persons in interstate commerce; on a regular daily basis employed the facilities of interstate internet entities, such as Amazon, Uber, and Door Dash to promote and deliver its prepared food products to the end customers; and, advertised its food products on interstate-based media.

## FIRST CAUSE OF ACTION
(Violation of Fair Labor Standards Act – Overtime Compensation 29 U.S.C. § 207)

24. Plaintiffs incorporate paragraphs 1 through 23, inclusive, as if fully set forth herein;

25. At all times relevant herein, Plaintiffs were covered pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. A. § 201, *et seq.* ("FLSA"). Defendants were employers within the meaning of the 29 U.S.C.A. § 203(d), as set forth, *supra*. Plaintiffs are or were employed by Defendants;

26. Although Plaintiffs were not exempt from overtime compensation under the FLSA during their employment with Defendants, and although Defendants had full knowledge of their duty to pay overtime compensation to Plaintiffs, Defendants knowingly, through the scheme described, *supra*, caused, suffered, and permitted Plaintiffs to regularly work in excess of forty hours per week without paying overtime wages, of one-and-one-half Plaintiffs' regular hourly

rate of pay. For example, during the workweeks period of March 1 through March 7, 2016 and March 8 through March 14, 2016, Plaintiff Zelyn Sanchez worked 109 hours for that pay period, however, Plaintiff Sanchez was paid by check for only 45 hours, at his regular rate of $10.50 per hour. See, **Exhibit A**. Plaintiff Sanchez was paid the remainder in cash at his regular rate of pay. During the work weeks December 16, 2016 through December 22, 2016 and December 23, 2016 through December 31, 2016, Eloina Fuentes worked 90.5 hours, or approximately 45.25 hours per week, and was paid entirely by cash at her regular rate of pay. See, **Exhibit B**.

27. By not paying overtime wages, Defendants violated Plaintiffs' rights under the FLSA;

28. As a direct and proximate cause of Defendants' failure to pay overtime wages pursuant to the FLSA, Plaintiffs have incurred general damages in the form of lost overtime compensation;

29. Defendants willfully and intentionally, with reckless disregard of their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their overtime compensation, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. §216(b);

30. Plaintiffs have been compelled to retain an attorney to bring this action for relief and are entitled to an award of reasonable attorney fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs pray for judgment as set forth below;

//

//

//

**SECOND CAUSE OF ACTION**
(Violation of California Labor Code Sections 510, 1194, and 1198 - Non Payment of Compensation Overtime)

31. Plaintiffs re-allege and incorporate the allegations of paragraphs 1- 30 as if fully set forth herein;

32. During the four years prior to the filing of the complaint in the above-entitled action and continuing, Plaintiffs' employment was subject to California Labor Code sections 510, 1194, and 1198, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code section 1173, which requires all covered employees to be paid overtime for work performed in excess of forty hours per week and eight hours per day, unless specifically exempted by the law;

33. At all times relevant herein, Plaintiffs regularly worked in excess of forty hours per week and/or in excess of eight hours per day. Plaintiffs were not paid the required overtime compensation;

34. During the term of Plaintiffs' employment, Defendants knowingly and willfully caused, suffered and permitted Plaintiffs to regularly work in excess of forty hours per week and/or eight hours per day without paying them the required overtime compensation;

35. By not paying Plaintiffs overtime wages in compliance with California law, Defendants violated Plaintiffs' rights under the law, specifically California Labor Code sections 510, 1194, and 1198;

36. As a direct and proximate cause of Defendants' failure to pay Plaintiffs overtime wages under the California Labor Code and Wage Orders, Plaintiffs have incurred damages in the form of lost overtime compensation in amounts to be proven at trial;

37. Defendants were aware of the existence and requirements of the California Labor Code Section 510 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs the overtime compensation due them at Defendants' regular pay periods;

38. Plaintiffs have been compelled to retain an attorney for the purpose of redress of the Labor Code violations and is entitled to an award of attorneys fees and pre-judgment interest pursuant to California Labor Code Section 1194(a), and other applicable Code sections;

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### THIRD CAUSE OF ACTION
(Meal and Rest Breaks Labor Code §§ 226.7, 512)

39. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-38 as if fully stated herein;

40. At all times relevant herein, Plaintiffs' employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission;

41. During the period four years prior to the filing of the complaint in the above-entitled matter and continuing, Plaintiffs routinely worked more than eight hours per day and over forty hours per week, yet Defendants did not provide Plaintiffs meal breaks nor mandatory ten-minute rest breaks, and compelled Plaintiffs to work through those meal and rest break periods;

42. By requiring Plaintiffs to work through their mandated meal and rest breaks, Defendants violated Plaintiffs' rights under Labor Code Section 226.7;

43. As a direct and proximate cause of Defendants' failure to provide the mandated meal and rest breaks under the California Labor Code and Wage Orders, Plaintiffs have incurred compensatory damages in the form of lost meal and rest break premiums in amounts to be proven at trial;

44. Defendants were aware of the existence and requirements of California Labor Code Sections 226.7 and 512 and the Wage Orders, and Defendants willfully, knowingly, and intentionally failed to provide Plaintiffs with mandatory meal and rest breaks;

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## FOURTH CAUSE OF ACTION
(Failure to Pay Wages Upon Termination Labor Code §§ 201, 202, 203)

45. Plaintiffs re-allege and incorporate those allegations of paragraphs 1-44, as if fully stated herein;

46. Defendants are subject to Labor Code Sections 201 and 202, which provide that upon discharge or layoff from employment, an employee is entitled to immediate payment of wages due, and if an employee resigns, the employer must pay that employee all wages due within a reasonable period of time, not to exceed 72 hours under Labor Code section 203;

47. Defendants failed to make payment to Plaintiffs under these Labor Code sections;

48. By not paying Plaintiffs pursuant to Labor Code sections 201-203, Defendants violated Plaintiffs' rights under the Labor Code;

49. As a direct and proximate cause of Defendants violations of the Labor Code, Plaintiffs have incurred compensatory and economic damages in the form of lost wages, in an amount to be proven at trial;

50. Defendants were aware of the existence of the requirement of payment of wages due upon separation of employment pursuant to the California Labor Code, and willfully, knowingly, and intentionally failed to pay Plaintiffs wages due upon separation of employment;

51. Plaintiffs have been required to retain an attorney for the purposes of redress of the Labor Code violations set forth herein and is entitled to an award of attorney fees and pre-

judgement interest pursuant to California Labor Code section 1194(a), and other applicable Labor Code sections.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## FIFTH CAUSE OF ACTION
(For Restitution of Unpaid Overtime Wages Business and Profession Code Sections 17200, et seq.)

52. Plaintiffs re-allege and incorporate those allegations of paragraphs 1-51, as if fully stated herein;

53. At all times relevant herein, Plaintiffs' employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission and the FLSA, which require all employees to be paid overtime for work performed in excess of forty hours per week/or eight hours per day unless specifically exempted by the law and provided meal and rest breaks pursuant to the California Labor Code and applicable Wage Orders, Defendants were required to pay overtime compensation and provide meal and rest breaks to Plaintiffs;

54. During the four years prior to filing tis complaint and continuing, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq.*). Defendants violated the Unfair Trade Practices Act, by <u>inter alia</u>, failure to pay Plaintiffs overtime wages and to provide meal and rest breaks, and to pay wages at separation of employment;

55. During the four years prior to filing this complaint and continuing, Defendants wrongfully obtained monies from Plaintiffs in the form of overtime wages, meal and rest break hours that inured to Plaintiffs, and failure to pay wages at separation. By doing so, Defendants violated the California Unfair Trade Practices Act, Business and Professions Code §17200, *et*

*seq.* by committing acts prohibited by the California Labor Code and applicable California Wage Orders, in order to give Defendants a competitive advantage over businesses with whom Defendants are in competition with, and who were in compliance with California's wage and hour laws;

56. As a direct and proximate cause of Defendants statutory violations, the rights of the Plaintiffs under the law were violated, causing them to incur general damages in the form of unpaid and lost wages to which they were legally entitled;

57. Defendants were aware of the existence and requirements of the state and federal wage and hour laws, and willfully, knowingly, intentionally, fraudulently, and oppressively violated those wage and hour laws, and the violation was willful, intentional, malicious, fraudulent, reprehensible, and done without regard for the health or welfare of Plaintiffs and therefore Plaintiffs seek an award of punitive damages to be determined at time of trial. Defendants failed to pay Plaintiffs overtime pay and provide meal and rest breaks. Plaintiffs herein seek restitution of such compensation pursuant to the Business and Professions Code §17203;

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants and demand as follows:

1. Award Plaintiffs damages for unpaid overtime compensation, loss of meal, and rest break; and other pecuniary losses in amounts to be proven at trial;

2. Award Plaintiffs pre-judgment interest of 10% on the amounts due under the California Labor Code;

3. Award Plaintiffs liquidated damages according to the FLSA and California Labor Code section 1197.7, for overtime wage violations, in amounts equal to the overtime compensation;

4. Award Plaintiffs restitution of unpaid overtime compensation and meal and rest break premiums, <u>inter alia</u>, pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

5. Award Plaintiffs compensation pursuant to Labor Code Section 201 - 203, for the failure of Defendants to make payment of wages due on separation of employment;

6. Enter an order certifying this action as an FLSA collective class action based on the collective class of hourly, non-administrative, nonexempt cashiers, cooks, and food preparation workers who worked for Defendants, and who are entitled to overtime compensation pursuant to 29 U.S.C. § 207;

7. Enter a permanent injunctive order against Defendants ensuring compliance with the California Labor Code and Wage Orders and the FLSA;

8. Enter an order decreeing Defendants Josefina Flores and Jose A. Romero personally liable for all damages incurred by Plaintiffs;

9. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and the FLSA;

10. Award Plaintiffs their costs of suit herein;

11. Grant such other and further relief as this Court may deem appropriate.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL CAUSES**

Dated: November 13, 2017

_____/S/_____
Robert David Baker, Esq.