1  HARRY M. DECOURCY, Bar No. 230516
   hdecourcy@littler.com
2  LITTLER MENDELSON, P.C.
   1255 Treat Boulevard, Suite 600
3  Walnut Creek, California  94597
   Telephone:    925.932.2468
4  Facsimile:    925.946.9809

5  ELISA NADEAU, Bar No. 199000
   enadeau@littler.com
6  LITTLER MENDELSON, P.C.
   50 W. San Fernando, 7th Floor
7  San Jose, California  95113
   Telephone:    408.998.4150
8  Fax No.:      408.288.5686

9  Attorneys for Defendants
   TACOMANIA, INC., JOSEFINA FLORES and
10 JOSE A. ROMERO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZELYN SANCHEZ; ELOINA FUENTES; JENNY FUENTES; ERIK LAZO-RODRIGUEZ; GUSTAVO VALENZUELA; MARIA AYALA; MARIA ANGELA CEJA on behalf of themselves and those similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>TACOMANIA, INC.; JOSEFINA FLORES; JOSE A. ROMERO,<br><br>Defendants. | Case No. 5:17-cv-01691-EJD<br><br>**DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

Case No.  5:17-cv-01691-EJD

DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S' SECOND AMENDED COMPLAINT

Defendants TACOMANIA, INC., JOSEFINA FLORES and JOSE A. ROMERO (collectively, "Defendants") hereby answer Plaintiffs ZELYN SANCHEZ ("Sanchez"), ELOINA FUENTES ("E. Fuentes"), JENNY FUENTES ("J. Fuentes"), ERIK LAZO-RODRIGUEZ, GUSTAVO VALENZUELA ("Valenzuela"), MARIA AYALA ("Ayala"), and MARIA ANGELA CEJA'S ("Ceja") (collectively, "Plaintiffs") Second Amended Complaint ("Complaint") as follows:

## NATURE OF CLAIMS

1. Answering paragraph 1 of the Complaint, Defendants admit that Plaintiffs were employed by Tacomania, Inc., were nonexempt, and performed duties including cashiering, cooking, and food preparation. Defendants deny the remaining allegations contained therein.

2. Answering paragraph 2 of the Complaint, Defendants admit some employees were paid by both cash and check at various times during their employment and at their request.

3. Answering paragraph 3 of the Complaint, Defendants admit that Plaintiffs purport to bring this action for recovery of alleged unpaid wages and other damages. Defendants deny that Plaintiffs or any member of the alleged putative class/collective are entitled to any such relief.

## JURISDICTION AND VENUE

4. Answering paragraph 4 of the Complaint, Defendants admits that Plaintiffs purport to bring this action pursuant to 29 U.S.C. §§ 201, *et seq*. and do not dispute jurisdiction in this matter.

5. Answering paragraph 5 of the Complaint, Defendants do not dispute venue in this matter. Defendants deny the remaining allegations contained therein.

## PARTIES

6. Answering paragraph 6 of the Complaint, Defendants admit that Plaintiffs work or worked for Defendants. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained therein.

7. Answering paragraph 7 of the Complaint, Defendants admit that Tacomania, Inc. is a corporation organized under the laws of California and that Defendants Josefina and Jose

2.   Case No. 5:17-cv-01691-EJD
DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

Romero reside in San Jose, California and are the sole stockholders and owners of the duly incorporated and family-owned company, Tacomania, Inc. Defendants deny the remaining allegations contained therein.

8. Answering paragraph 8 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations contained therein because the allegations are vague, ambiguous or otherwise unclear.

9. Answering paragraph 9 of the Complaint, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and those similarly situated as defined in paragraph 9. Defendants deny the remaining allegations contained therein.

10. Answering paragraph 10 of the Complaint, Defendants admit that Defendants operate restaurants and food trucks, specializing in Mexican food, at the listed locations in California. Defendants admit that Defendants Josefina Flores and Jose A. Romero are the owner/operators of Tacomania, Inc. Defendants further admit Tacomania employs multiple personnel whose duties include food preparation and also cashiering and serving food at both the trucks and restaurant locations. Defendants further admit that Josefina Flores and Jose Romero, along with other managers, supervise the locations and are responsible for business operations, including payroll, personnel actions, and timekeeping. Defendants deny the remaining allegations contained therein.

11. Answering paragraph 11 of the Complaint, Defendants admit Plaintiff Sanchez worked for Tacomania, Inc. from on or about September 18, 2014 until May 10, 2016. Defendants admit Plaintiff Eloina Fuentes worked for Tacomania, Inc. prior to the beginning of the Class Period and then began working again for Tacomania, Inc. on or about September 8, 2015 until December 24, 2016. Defendants further admit Plaintiff Jenny Fuentes worked for Tacomania, Inc. on or about February to June, 2016. Defendants further admit Plaintiff Erik Loza Rodriguez worked for Tacomania, Inc. from on or about June 13, 2016 until on or about October 1, 2016. Defendants further admit Maria Ayala worked for Tacomania, Inc. from December 2016 until on or about July 6, 2017. Defendants further admit Gustavo Valenzuela sporadically worked for Tacomania, Inc.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

3.     Case No. 5:17-cv-01691-EJD

DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

from on or about September 2016 until the present. Defendants further admit Maria Ceja worked for approximately one year for Tacomania, Inc. until approximately July, 2017. Defendants deny the remaining allegations contained therein.

12. Answering paragraph 12 of the Complaint, Defendants deny the allegations contained therein.

13. Answering paragraph 13 of the Complaint, Defendants admit Plaintiffs were paid an hourly rate.

14. Answering paragraph 14 of the Complaint, Defendants admit all of the Plaintiffs were provided meal and rest breaks and routinely took meal and rest breaks. Defendants deny the remaining allegations contained therein.

15. Answering paragraph 15 of the Complaint, Defendants admit Plaintiffs were not exempt under the applicable wage order or the FLSA while working for Tacomania, Inc.

16. Answering paragraph 16 of the Complaint, Defendants admit Plaintiffs were provided with a record of the number of hours worked each pay period on the date they received their wages for that pay period. Defendants deny the allegations contained therein.

## COLLECTIVE ACTION ALLEGATIONS

17. Answering paragraph 17 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

18. Answering paragraph 18 of the Complaint, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and those alleged to be similarly situated as defined therein. Defendants deny this case is appropriate for class/collective action treatment.

19. Answering paragraph 19 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

4.   Case No.  5:17-cv-01691-EJD
DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

20. Answering paragraph 20 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

21. Answering paragraph 21 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

22. Answering paragraph 22 of the Complaint, Defendants admit Tacomania, Inc. earned annual gross sales of not less than $500,000 per year during the last four years. Defendants admit some of their sales transactions are carried out through third parties such as DoorDash and that Tacomania does some limited catering. Defendants deny the remaining allegations contained therein.

23. Answering paragraph 23 of the Complaint, Defendants admit Tacomania, Inc. is an enterprise engaged in commerce and that Defendants advertised Tacomania's restaurants through the internet and other media and also used the telephone to purchase materials and foodstuffs used to create Tacomania's food products for sale at its restaurants. Defendants admit some of their sales transactions are carried out through third parties such as DoorDash. Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants admit the allegations contained therein.

**FIRST CAUSE OF ACTION**

**(Violation of Fair Labor Standards Act - Overtime Compensation 29 U.S.C. § 207)**

24. Answering paragraph 24 of the Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1 through 23, as if they were set forth again herein.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

5. Case No. 5:17-cv-01691-EJD
DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

25. Answering paragraph 25 of the Complaint, Defendants admit that Plaintiffs are or were employed by Defendants. Defendants further admit that Tacomania, Inc. began requiring Plaintiff Sanchez to receive his wages in checks instead of cash even though Plaintiff was opposed to this, but when Plaintiff bitterly complained, Defendants reluctantly agreed to pay him part of his wages in check and the remaining in cash for a short time to allow Plaintiff to become accustomed to having the required deductions taken from his wages. Defendants further admit that, around the time that Tacomania began using checks to pay Plaintiff's wages, Plaintiff's embezzlement from Tacomania became much more flagrant and egregious, at which time his employment was terminated. The remaining allegations contain conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the remaining allegations contained therein.

26. Answering paragraph 26 of the Complaint, Defendants admit that Tacomania, Inc. began requiring Plaintiff Sanchez to receive his wages in checks instead of cash even though Plaintiff was opposed to this, but when Plaintiff bitterly complained, Defendants reluctantly agreed to pay him part of his wages in check and the remaining in cash for a short time to allow Plaintiff to become accustomed to having the required deductions taken from his wages. Defendants further admit that, around the time that Tacomania began using checks to pay Plaintiff's wages, Plaintiff's embezzlement from Tacomania became much more flagrant and egregious, at which time his employment was terminated. Defendants admit Exhibit A appears to be a true and correct copy of Plaintiff Sanchez's paystub from the check portion of his payment of wages for the pay period on or about March 1, 2016. Defendants further admit Exhibit B appears to be a copy of the amount of hours Plaintiff Eloina Fuentes worked during one or more pay periods. Defendants deny the remaining allegations contained therein.

27. Answering paragraph 27 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

6.  Case No. 5:17-cv-01691-EJD
DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

28. Answering paragraph 28 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

29. Answering paragraph 29 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

30. Answering paragraph 30 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code Sections 510, 1194, and 1198 - Non Payment of Compensation Overtime)**

31. Answering paragraph 31 of the Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1 through 30, as if they were set forth again herein.

32. Answering paragraph 32 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

33. Answering paragraph 33 of the Complaint, Defendants deny the allegations contained therein.

34. Answering paragraph 34 of the Complaint, Defendants deny the allegations contained therein.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

7.   Case No. 5:17-cv-01691-EJD

DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

35. Answering paragraph 35 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

36. Answering paragraph 36 of the Complaint, Defendants deny the allegations contained therein.

37. Answering paragraph 37 of the Complaint, Defendants deny the allegations contained therein.

38. Answering paragraph 38 of the Complaint, Defendants lack sufficient knowledge as to what Plaintiffs were compelled to do and therefore deny the same. Defendants further deny that Plaintiffs are entitled to any relief, attorney fees, or prejudgment interest.

## THIRD CAUSE OF ACTION

### (Meal and Rest Breaks Labor Code §§ 226.7, 512)

39. Answering paragraph 39 of the Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1 through 38, as if they were set forth again herein.

40. Answering paragraph 40 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

41. Answering paragraph 41 of the Complaint, Defendants admit that some of the Plaintiffs worked eight hours per day and also were provided and routinely took meal and rest breaks, while others worked only four hour shifts and therefore were provided and took a rest break but not a meal break. Defendants deny the remaining allegations contained therein.

//

//

//

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

8.   Case No. 5:17-cv-01691-EJD

DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1  42. Answering paragraph 42 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

43. Answering paragraph 43 of the Complaint, Defendants deny the allegations contained therein.

44. Answering paragraph 44 of the Complaint, Defendants deny the allegations contained therein.

## FOURTH CAUSE OF ACTION

**(Failure to Pay Wages Upon Termination Labor Code §§ 201, 202, 203)**

45. Answering paragraph 45 of the Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1 through 44, as if they were set forth again herein.

46. Answering paragraph 46 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

47. Answering paragraph 47 of the Complaint, Defendants deny the allegations contained therein.

48. Answering paragraph 48 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

49. Answering paragraph 49 of the Complaint, Defendants deny the allegations contained therein.

50. Answering paragraph 50 of the Complaint, Defendants deny the allegations contained therein.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

9.   Case No. 5:17-cv-01691-EJD

DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

51. Answering paragraph 51 of the Complaint, Defendants lack sufficient knowledge as to what Plaintiffs were compelled to do and therefore deny the same. Defendants further deny Plaintiffs are entitled to any relief, attorney fees, or prejudgment interest.

## FIFTH CAUSE OF ACTION

## (For Restitution of Unpaid Overtime Wages Business and Profession Code Sections 17200, et seq.)

52. Answering paragraph 52 of the Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1 through 51, as if they were set forth again herein.

53. Answering paragraph 53 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

54. Answering paragraph 54 of the Complaint, Defendants are unable to admit or deny the allegations therein, because, as stated, they are conclusions of law or legal principles, not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent an answer is required, Defendants deny the allegations contained therein.

55. Answering paragraph 55 of the Complaint, Defendants deny the allegations contained therein.

56. Answering paragraph 56 of the Complaint, Defendants deny the allegations contained therein.

57. Answering paragraph 57 of the Complaint, Defendants deny the allegations contained therein.

## PRAYER FOR RELIEF

Defendants deny the propriety of each and every request or prayer for relief, including subsections 1 – 11. Defendants request that the Court deny the requested relief.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

10. Case No. 5:17-cv-01691-EJD
DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

### REQUEST FOR JURY TRIAL

Defendants admit that Plaintiffs have requested a jury trial.

### AFFIRMATIVE DEFENSES

Defendants assert the following separate and distinct affirmative and other defenses, which they designate, collectively, as "affirmative defenses." Defendants' designation of their defenses as "affirmative" is not intended in any way to alter Plaintiffs' burden of proof with regard to any element of their causes of action.

AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that the Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to state facts sufficient to constitute a cause of action upon which relief may be granted.

AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege the Complaint and each cause of action set forth therein, or some of them, are barred in whole or in part by the doctrine(s) of laches, estoppel, unclean hands, consent, waiver, release, unjust enrichment, collateral estoppel and/or res judicata.

AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege the Complaint and each cause of action set forth therein, or some of them, are barred by the applicable statutes of limitations, including, but not limited to, those set forth in California Labor Code section 203(b), California Code of Civil Procedure sections 338(a), and 340, California Business and Professions Code section 17208, and 29 U.S.C.A. sections 255, 255(a).

AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that the Complaint, and each and every cause of action alleged therein, is barred to the extent that Plaintiffs and some or all putative class/collective members Plaintiffs seeks to represent have

11.   Case No. 5:17-cv-01691-EJD
DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

released Defendants from any liability as alleged in the Complaint and/or effectuated an accord and satisfaction.

AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that Plaintiffs have failed to state facts sufficient to entitle them to pre-judgment interest and the costs of suit incurred herein.

AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that any claims for penalties pursuant to Labor Code §203 are barred, in whole or in part, because a good faith dispute exists over whether wages are owed.

AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that each purported cause of action contained in the Complaint, or some of the causes of action, are barred because the alleged losses or harms sustained by Plaintiffs and/or the putative class/collective, if any, resulted from the acts or omissions of Plaintiffs and/or the putative class, and/or was proximately caused by the actions or inactions of Plaintiffs and/or the putative class.

AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that Plaintiffs and/or the putative class/collective Plaintiffs seeks to represent are barred from recovering under the Complaint under the *de minimis* doctrine.

AS AND FOR AN NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that the claims of Plaintiffs and/or the putative class/collective members Plaintiffs seeks to represent for alleged failure to pay wages fail, in whole or in part, to the extent that Defendants did not reasonably know hours were worked by Plaintiffs and/or the putative class/collective members Plaintiffs seeks to represent, to the extent Plaintiffs or the putative class/collective members Plaintiffs seeks to represent deliberately prevented Defendants from acquiring knowledge of the

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

12.  Case No. 5:17-cv-01691-EJD
DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

hours worked and/or to the extent Plaintiffs and/or the putative class/collective they seek to represent secreted or absented themselves to avoid payment of wages.

AS AND FOR A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege it is entitled to an offset against any relief due Plaintiffs and/or members of the putative class/collective that Plaintiffs seeks to represent, based upon their respective wrongful conduct and/or monies owed to Defendants, including, but not limited to, any overpayments for hours worked.

AS AND FOR AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that any meal period claims fail, in whole or in part, because some or all of the Plaintiffs and/or putative class/collective members' positions required that they remain on duty during meal periods, and the Plaintiffs and/or putative class/collective members each executed a valid on-duty meal period agreement.

AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that the meal periods and rest breaks claims of Plaintiffs and the putative class/collective members Plaintiffs seeks to represent fail, in whole or in part, because Defendants provided meal periods and rest breaks in compliance with California law and did not prevent Plaintiffs or the putative class/collective members from taking such meal periods and rest breaks.

AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that Plaintiffs and/or those they seeks to represent voluntarily waived any meal or rest periods that they failed to take.

AS AND FOR A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that the Complaint, and each and every cause of action therein, is barred, in whole or in part,

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

13. Case No. 5:17-cv-01691-EJD

DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

by the doctrine of avoidable consequences. Plaintiffs and/or the putative class/collective members could have taken reasonable steps to avoid or mitigate the damages claimed and their failure bars and/or diminishes any recovery against Defendants.

AS AND FOR A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that even assuming, *arguendo*, that Defendants failed to comply with any provision of the Labor Code, including Labor Code sections 226.7 and 512, Defendants substantially complied with the Labor Code and/or any applicable Wage Orders and Regulations, thus rendering an award of civil penalties inappropriate under the circumstances.

AS AND FOR A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege any claim for penalties pursuant to Labor Code § 203 is barred, in whole or in part, because any failure to pay waiting time penalties was not knowing, intentional or willful.

AS AND FOR A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that any unpaid wage claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254 and/or the applicable provisions of state law, as to all hours during which Plaintiffs and/or the putative class/collective members were engaged in activities which were preliminary, postliminary or incidental to their principal duties or activities.

AS AND FOR AN EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that Plaintiffs' claims for recovery in the form of restitution, disgorgement, or injunctive relief under California Business and Professions Code section 17200, *et seq.*, are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

AS AND FOR A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

14. Case No. 5:17-cv-01691-EJD

DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

allege that Defendants' business practices were not "unfair," unlawful," or "fraudulent" within the meaning of the California Business and Professions Code section 17200, *et seq.*

AS AND FOR A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges that any claim for restitution pursuant to the California Business and Professions Code section 17200, *et seq.* are barred to the extent they constitute penalties of any nature.

AS AND FOR A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that the Complaint, and each cause of action set forth therein, or some of them, are barred because, as applied in this putative class/collective action, an award of civil penalties would result in the imposition of excessive, replicating fines or penalties in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution and Defendants' fundamental constitutional rights to due process under the Fourteenth Amendment of the United States Constitution and Constitution and laws of the State of California. *See, e.g., State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

AS AND FOR A TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that Plaintiffs and the putative class/collective members are not entitled to equitable relief insofar as they have an adequate remedy at law.

AS AND FOR A TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that should Plaintiffs establish that Defendants violated the FLSA, the applicable statute of limitations is two years because Defendants did not know that their conduct violated the FLSA and did not show reckless disregard for whether their actions violated the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

15.     Case No. 5:17-cv-01691-EJD

DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

AS AND FOR A TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that should Plaintiffs establish that Defendants violated the FLSA, liquidated damages are not available to Plaintiffs or members of the proposed collective action because Defendants acted in good faith and had reasonable grounds for believing that its actions were not a violation of the FLSA.

AS AND FOR A TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendants allege that the Complaint and each cause of action set forth therein as a representative or class/collective action, fails to the extent (a) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (b) Plaintiffs' claims are not representative or typical of the claims of the putative class/collective members; (c) Plaintiffs and the alleged putative class counsel are not adequate representatives for the alleged putative class/collective; and/or (d) a well-defined community of interest in the questions of law and/or fact affecting Plaintiffs and the putative class/collective members does not exist. If the Court certifies a class/collective action in this case over Defendants' objections, then Defendants assert the affirmative defenses set forth herein against each and every member of any class/collective action certified.

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1. This action not be certified as a class/collective action;

2. Plaintiffs takes nothing by virtue of the claims filed herein and that the claims be dismissed in their entirety with prejudice;

3. For all reasonable costs incurred by Defendants in connection with the defense of this matter;

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

16.   Case No. 5:17-cv-01691-EJD

DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

4. For attorneys' fees; and

5. For such other and further relief as the Court may deem proper.

Dated: November 27, 2017

>*/s/ Elisa Nadeau*
> HARRY M. DECOURCY
> ELISA NADEAU
> LITTLER MENDELSON, P.C.
> Attorneys for Defendants
> TACOMANIA, INC., JOSEFINA FLORES and JOSE A. ROMERO

Firmwide:151256301.6 093206.1001

17.   Case No.  5:17-cv-01691-EJD
DEFENDANTS TACOMANIA, INC., JOSEFINA FLORES AND JOSE A. ROMERO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150