UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ZELYN SANCHEZ, ET AL.,
    Plaintiffs,

v.

TACOMANIA, INC., et al.,
    Defendants.

Case No. 17-cv-01691-EJD (VKD)

**ORDER RE DISCOVERY DISPUTE RE EMPLOYEE CONTACT INFORMATION**

Re: Dkt. No. 63

The parties dispute whether plaintiffs may discover the home contact information of all employees of defendant Tacomania, Inc. who worked as nonexempt, hourly cashiers and cooks during the period of time from March 28, 2014 to the present. The parties jointly filed a discovery letter with their respective positions on August 3, 2018. Dkt. No. 63.

This is a conditionally certified collective class action for damages for unpaid overtime compensation and loss of meal and rest breaks and a permanent injunction under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Dkt. No. 39. The parties stipulated to conditional certification of a collective class consisting of any current or formerly hourly non-exempt cashier, cook, and/or food preparation worker who works or worked at Tacomania, Inc. at any time since January 25, 2015. Dkt. No. 52, Ex. A. The parties report that CPT Group, a class action administration firm, mailed notice of this collective action to 73 potential members of the collective class on February 28, 2018. Dkt. No. 63 at 1. Eleven current or former employees of Tacomania are either named plaintiffs or opt-in class members. *Id.* at 1.

At plaintiffs' request, defendants provided a list of names, positions, and work locations for all current and former employees within the putative class. However, defendants have

1    objected to plaintiffs' request to also provide the home addresses and telephone numbers for these
2    employees. Dkt. No. 63 at 5–7, Ex. 2 at 7.

3    As an initial matter, it is not clear from the parties' submission whether or how the contact information plaintiffs seek differs from the information already used to send notices to the 73 putative class members. It is also not clear from the parties' submission how contact information for putative class members other than the eleven named plaintiffs or opt-in members is necessary for obtaining discovery relevant to any claim or defense in the case and proportional to the needs of the case. *See* Fed. R. Civ. P. 16(b)(1).

The authority on which plaintiffs rely concerns discovery *prior* to certification of a class and notice to potential class members. *Adedapoidle-Tyehimba v. Crunch, LLC*, No. 13-cv-00225-WHO, 2013 WL 4082137, at * 8 (N.D. Cal. Aug. 9, 2013) (declining to equitably toll claims of potential members of proposed FLSA class because defendants filed motions to dismiss and stay discovery and refused to provide potential class members' contact information); *Gilbert v. Citigroup, Inc.*, No. 08-0385 SC, 2009 WL 424320, at *6 (N.D. Cal. Feb. 18, 2009) (plaintiff sought confidential employee information "to facilitate notice" of ability to opt-in to class action); *Morfin-Arias v. Knowles*, No. 16-cv-06114-BLF, 2018 WL 1710369, at *9–10 (N.D. Cal. Apr. 9, 2018) (ordering defendant to produce contact information for potential collective class members for the purposes of sending notice of collective action); *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 29445753, at *5, 8 (N.D. Cal. July 18, 2012) (same). These cases do not support plaintiffs' assertion that they are "entitled" to the contact information they seek simply because a class has been conditionally certified for notice purposes.

Plaintiffs offer only two other hints of why they seek this discovery. First, they say: "The underlying reason for [discovery of contact information] is obviously for the discovery of relevant class-related information in order to obtain information to prepare for *inter alia*, a motion to decertify." Dkt. No. 63 at 4. However, plaintiffs do not describe the "relevant class-related information" that they contend is relevant to a motion to decertify or to any other issue. Second, plaintiffs say that the contact information is "necessary for the proof of Plaintiffs' case-in-chief, especially damages." *Id.* Here, too, plaintiffs do not explain why they require the contact

2

information of putative class members who are not currently participating in the action as named plaintiffs or opt-in members in order to prove damages or any other matter.

As defendants observe, current and former employees of Tacomania are likely to expect their employer or former employer to treat their contact information (e.g., home address and telephone number) as confidential, and plaintiffs' request for production of that information implicates the employees' privacy rights. *See Belaire-West Landscape, Inc. v. Superior Court,* 149 Cal. App. 4th 554, 561 (2007). Defendants argue that because plaintiffs are not permitted to add other plaintiffs to the action, they must articulate some other grounds justifying disclosure of the information.

The Court agrees with defendants. Plaintiffs have not explained how discovery of contact information of potential class members *other than* the eleven current participants in this action satisfies the requirements of Fed. R. Civ. P. 26(b)(1); specifically, they have not explained how the information sought is relevant to a claim or defense and proportional to the needs of the case. Plaintiffs' request for home contact information for all employees who worked for Tacomania as non-exempt, hourly cashiers and cooks is DENIED.

**IT IS SO ORDERED.**

Dated: August 23, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3