HARRY M. DECOURCY, Bar No. 230516
hdecourcy@littler.com
LITTLER MENDELSON, P.C.
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809

ELISA NADEAU, Bar No. 199000
enadeau@littler.com
HECTOR J. RODRIGUEZ, Bar No. 305446
hjrodriguez@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113
Telephone: 408.998.4150
Fax No.: 408.288.5686

Attorneys for Defendants
TACOMANIA, INC., JOSEFINA FLORES and
JOSE A. ROMERO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZELYN SANCHEZ; ELOINA FUENTES; JENNY FUENTES; ERIK LAZO-RODRIGUEZ; GUSTAVO VALENZUELA; MARIA AYALA; MARIA ANGELA CEJA on behalf of themselves and those similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>TACOMANIA, INC.; JOSEFINA FLORES; JOSE A. ROMERO,<br><br>Defendants. | Case No. 5:17-cv-01691-EJD<br><br>JOINT NOTICE OF MOTION AND MOTION FOR ORDER APPROVING PLAINTIFFS' SETTLEMENT OF FLSA CLAIMS AND DISMISSING THE ACTION IN ITS ENTIRETY, WITH PREJUDICE<br><br>Date: June 6, 2019<br>Place: Courtroom: 4 (5th Floor)<br>Time: 9:00 a.m.<br>Judge: Hon. Edward J. Davila<br><br>Complaint: March 28, 2017<br>Trial Date: Not Set |

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

Case No. 5:17-cv-01691-EJD

JOINT NOTICE OF MOTION AND MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF ACTION

1  ROBERT DAVID BAKER, INC.
   Robert David Baker, Esq. (87314)
2  80 South White Road
   San Jose, CA 95127
3  Telephone: (408) 251-3400
   Facsimile: (408) 251-3401
4  rbaker@rdblaw.net

5  Attorney for Plaintiffs
   ZELYN SANCHEZ; ELOINA FUENTES;
6  JENNY FUENTES; LUDIVINA FUENTES;
   MARIA AYALA; MARIA ANGELA CEJA;
7  ABEL SANCHEZ; GUSTAVO VALENZUELA;
   LIZA LONGORIA; JOSE DE JESUS RIVERA;
8  ERIK LOZA

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

1.                                                        Case No. 5:17-cv-01691-EJD

JOINT NOTICE OF MOTION AND MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF ACTION

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES BY AND THROUGH THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 6, 2019, at 9:00 a.m., in Courtroom 4 (5th Floor) of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Plaintiffs Zelyn Sanchez, Eloina Fuentes, Ludivina Fuentes, Jenny Fuentes, Maria Ayala, Maria Angela Ceja, Abel Sanchez, Gustavo Valenzuela, Liza Longoria, Jose De Jesus Rivera, and Erik Loza, (collectively referred to as "Plaintiffs") and Defendants Tacomania, Inc., Josefina Flores and Jose A. Romero (collectively referred to as "Defendants") (Plaintiffs and Defendants are hereinafter collectively referred to as "Parties") will move this Court, pursuant to stipulation, for an Order approving the settlement of Plaintiffs' claims arising under the federal Fair Labor Standards Act ("FLSA") and for an Order dismissing this lawsuit with prejudice, in its entirety.

This motion is made pursuant to 29 U.S.C. Section 216(b) and Local Rules 7-10 and 7-12. This motion is made on the grounds that Plaintiffs' operative Complaint alleges, in part, that they are former Tacomania, Inc. ("Tacomania") employees and that Tacomania's compensation policies and practices violated the FLSA's minimum wage and overtime provisions, as well as various California wage and hour laws. Plaintiffs are seeking compensation under the FLSA and California law for alleged unpaid minimum wages, overtime premium wages, meal break premiums, rest break premiums, penalties and liquidated damages. Defendants denied and continue to deny that their compensation policies and/or practices violated any federal or state law and/or that it failed to properly compensate Plaintiffs.

During the pendency of this action, the Parties engaged in extensive discovery of each of Plaintiffs' claims and Defendants' defenses, as well as performed their own independent analysis and assessment of the potential risks of pursing this litigation, as well as the range of potential recovery should this matter proceed through trial. Following this investigation and discovery, the Parties engaged in non-collusive, arms-length settlement negotiations. The Parties reached a settlement of all of Plaintiffs' claims against Defendants, including Plaintiffs' FLSA claims as a

result of these negotiations (hereinafter referred to as the "Settlement").[1] The Parties believe the Settlement represents a fair, reasonable and adequate compromise of this action in its entirety, including a settlement of Plaintiffs' FLSA claims. The Parties therefore move this Court for an Order approving the Settlement of Plaintiffs' FLSA claims and for an Order dismissing this action in its entirety with prejudice.

This Motion is based upon this Motion, the accompanying Memorandum of Points and Authorities, the Stipulation Between Plaintiffs and Defendants for an Order Approving the Settlement of Plaintiffs' FLSA Claims and Dismissing the Action in its entirety with Prejudice, the [Proposed] Order, oral argument, all the relevant pleadings on file with the Court, and any other documents requested by the Court in conjunction with this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This matter is before the Court pursuant to the motion by stipulation of Plaintiffs and Defendants for an Order approving the settlement of Plaintiffs' FLSA claims and dismissing this action in its entirety with prejudice. For the reasons more completely stated within, this motion should be granted because the Settlement represents a fair, reasonable and adequate compromise of Plaintiffs' FLSA claims and the Parties have reached an agreement on settling Plaintiffs' remaining claims.

### II. STATEMENT FACTS

**A.   Tacomania, Inc. and Its Owners Josefina Flores and Jose A. Romero.**

Tacomania, Inc., is a chain of Mexican food restaurants in Santa Clara County. Josefina Flores and Jose A. Flores are the owners of Tacomania, Inc., and have been managing the business operations of the restaurant chain since its inception.

---

[1] Although the Parties entered into individualized settlement agreements, each of which is presented as an attachment to Stipulation in support of this *Motion*, the language of the agreements is virtually identical in each of settlement agreements. The settlement amounts are the only meaningful difference between the agreements, due to the varying periods of employment of each Plaintiff.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

3.   Case No. 5:17-cv-01691-EJD
JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF ACTION

B. **Plaintiffs' Employment with Defendants.**

Plaintiffs worked as cashiers and cooks at the restaurants and/or food trucks operated by Defendants. All Plaintiffs were non-exempt employees during their employment with Defendants and received an hourly rate that never exceeded $15.00 for a regular hour of work. Plaintiffs' estimated periods of employment are as follows:

- Zelyn Sanchez:   September 2014 through May 2016;
- Eloina Fuentes:   May 2015 through December 2016;
- Jenny Fuentes:   March 2016 through April 2017;
- Ludivina Fuentes: January 1, 2017 through June 5, 2018;
- Maria Ayala:   September 2016 through July 2017;
- Maria Ceja:   July 2016 through May 2017;
- Abel Torres:   April 2015 through April 2018;
- Liza Longoria:   January 2017 through July 2017;
- Gustavo Valenzuela: September 2016 through March 2017;
- Jose Rivera:   August 2015 through May 2016.
- Erik Loza:   June 2016 through September 2016.

C. **Procedural History.**

Plaintiff Zelyn Sanchez filed the original complaint in this action on March 28, 2017. (Docket No. 1). Thereafter, Plaintiff Zelyn Sanchez filed an amended complaint on behalf of both himself and a new plaintiff, Eloina Fuentes, on May 23, 2017. (Docket No. 11). On June 21, 2017, Defendants moved to dismiss the sole FLSA cause of action contained in the first amended complaint for a failure to state a claim. (Docket No. 18). After the Court granted Defendants' motion to dismiss, Plaintiffs filed a second amended complaint on November 13, 2017. (Docket No. 39). The second amended complaint named five additional plaintiffs (Jenny Fuentes, Maria Ayala, Maria Angela Ceja, Gustavo Valenzuela, and Erik Loza). (*Id.*) Defendants answered the second amended complaint on November 27, 2017. (Docket No. 42).

Plaintiffs' second amended complaint asserts the following causes of action against

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

4.   Case No. 5:17-cv-01691-EJD

JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF ACTION

Defendants: (1) violations of the FLSA for failure to provide overtime compensation; (2) violations of the California Labor Code for failure to pay overtime compensation (Labor Code §§ 510, 1194, 1198); (3) failure to provide meal and rest periods (Labor Code §§ 226.7, 512); (4) waiting time penalties (Labor Code §§ 201, 202, 203); and violations of the Unfair Competition Law (Business and Professions Code §§ 17200 et seq.). The second amended complaint defined the statewide class as current and former hourly employees who worked for Tacomania at any time from March 28, 2014 through judgment. *(Id.)*

Plaintiffs filed a motion for conditional certification of the FLSA putative class on December 21, 2017. (Docket No. 43). Thereafter, the Parties met and conferred and agreed that the case may be conditionally certified. The Parties also agreed to upon a class notice and Consent to Join Collective Action form. On January 4, 2018, the Parties submitted a Stipulation and Proposed Order to the Court regarding the issuance of notice to putative FLSA class members. (Docket No. 46). This Court accepted the Parties' Stipulation and ordered the issuance of notice to take place on or before February 28, 2018. After issuance of notice to a class of 65 employees, four additional plaintiffs, Ludivina Fuentes, Abel Torres, Liza Longoria and Jose de Jesus Rivera, signed and returned a Consent to Join notice by the deadline of May 14, 2018.

At the close of the class notice period, the Parties decided to engage in mediation before Mr. Martin Dodd on June 7, 2018. Although the Parties were unable to reach an agreement, the mediation significantly advanced the prospects of reaching a global agreement. Throughout the summer months of 2018, the Parties, by and through their respective counsel, continued to discuss informally resolving this action.

On August 24, 2018, Plaintiffs petitioned the Court to allow the Opt-In Plaintiffs to join the action as plaintiffs in the Second Amended Complaint. (Docket No. 65). Defendants did not oppose Plaintiffs petition, and the Court granted Plaintiffs' motion. Accordingly, there are currently eleven (11) Plaintiffs in this action.

### D. Investigation and Discovery.

The Parties have conducted an in-depth investigation regarding the suitability of Plaintiffs'

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

5.   Case No. 5:17-cv-01691-EJD
JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

claims for collective treatment and the merits of their allegations. (Stipulation ¶ 19) The investigation consisted of witness interviews; formal discovery (i.e., production and exchange of documents); multiple depositions; and reviewing and analyzing documents and electronic data, including but not limited to timekeeping records, employee personnel records, and payroll data. (Stipulation ¶¶ 19, 20). Counsel have further analyzed the applicable law as applied to the facts discovered regarding Plaintiffs' allegations, Defendants defenses thereto, and the damages claimed by Plaintiffs. (Stipulation ¶ 19).

### E. Settlement Negotiations and Settlement.

Armed with sufficient information to assess the relative strengths and weaknesses of their positions, the Parties engaged in good-faith, arms-length settlement negotiations over the course of several months (Stipulation ¶¶ 18-24). In early October 2018, the Parties reached an agreement for ten out of the eleven Plaintiffs. For an additional four months, the Parties continued negotiating the claims of the final Plaintiff, Ludivina Fuentes, and Plaintiffs' claim for attorneys' fees. (Stipulation ¶ 24). The Parties reached an agreement in early February 2019 regarding the eleventh Plaintiff in the action, and most recently, reached an agreement regarding Plaintiffs' claim for attorneys' fees in this month of March 2019. (Stipulation ¶ 24.) By reaching an agreement concerning Plaintiffs' claim for attorney's fees, the Parties resolved the final pending dispute in the case. The Parties now present the Settlement reached of all of Plaintiffs' individual claims for the Court's approval.

## III. LEGAL ARGUMENT

### A. The Settlement Of Plaintiffs' FLSA Claims Should Be Approved Pursuant To 29 U.S.C. Section 216(B).

In general, the overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employer and employees. *See e.g., Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). This general rule recognizes that there may be inequities in the bargaining power between employees and their employer. If certain conditions are met however, employees may settle and waive their FLSA claims against an employer.

Currently, there are two ways in which FLSA claims can be settled and released by employees. First, 29 U.S.C. Section 216(c) of the FLSA allows employees to settle and waive their

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

6.  Case No. 5:17-cv-01691-EJD

JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF ACTION

claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against his/her employer under Section 216(b) of the FLSA, an employee may settle and release his/her FLSA claims against an employer if: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the District Court enters an order approving the settlement after reviewing the settlement's fairness. 29 U.S.C. § 216(b); *Lynn's, supra*, 679 F.2d at 1353.

In determining whether the proposed settlement is a fair and reasonable resolution of the claim, the District Court generally reviews the settlement using the factors adopted for reviewing the fairness of class action settlements generally. *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). These factors include: (1) the existence of fraud or collusion; (2) the stage of the proceedings and the amount of discovery completed; (3) the complexity, expense and likely duration of the litigation; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Id.* There is a "strong presumption" that an FLSA settlement reached as part of the settlement of a lawsuit is fair, reasonable and adequate under these factors. *Dail v. George A. Arab, Inc.*, 391 F. Supp.2d 1142, 1146 (M.D. Fla. 2005) (in reviewing the settlement of a FLSA claim, "the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair"). Applying these factors to this action, the Court should approve the Parties' Settlement.

### 1. The Settlement Should Be Approved Because It Was Reached In An Adversarial Context.

The Settlement presented for this Court's approval was reached by the attorneys' for the Parties and in the course of this litigation. (Stipulation ¶¶ 18-24.) It therefore clearly occurred in an adversarial context. *Lynn's, supra*, 679 F.2d at 1353.

### 2. The Settlement Should Be Approved Because There Are Issues Of FLSA Coverage Actually In Dispute.

Although Plaintiffs allege Defendants' compensation policies and practices violated 29

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

7.   Case No. 5:17-cv-01691-EJD

JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF ACTION

U.S.C. Section 207 of the FLSA, Defendants have, and continue to dispute these claims. Defendants contend that their compensation policies, as well as the manner by which they actually recorded Plaintiffs' hours worked, computed their compensation and paid Plaintiffs and all other Tacomania employees, complied with the FLSA's requirements. (Stipulation ¶ 27.) Thus, there exists an actual dispute between the Parties as to whether the FLSA cause of action is a viable claim in this action. *Lynn's, supra*, 679 F.2d at 1353.

### 3. The Settlement Should Be Approved Because It Is A Fair, Reasonable And Adequate Resolution Of This Action.

#### a. The Settlement Is The Result Of Serious, Informed, Non-Collusive Negotiations Between Plaintiffs And Defendants.

The Parties reached the Settlement only after they conducted extensive and protracted non-collusive arm's-length negotiations. (Stipulation ¶¶ 18-24, 26.) Plaintiffs have been represented by counsel at all times during the course of this litigation and at all times during the settlement discussions. (*Id.*) In fact, all settlement discussions were conducted by and through the Parties' respective counsel. (*Id.*) Moreover, given that Plaintiffs no longer work for Defendants, the perceived coercive effects believed to be inherent in the employee/employer relationship and/or the perceived inequities in the bargaining power between an employer and its employees are not present in this action. (Stipulation ¶¶ 6-16). Indeed, because the Parties' employer/employee relationship ended long before the final Settlement, neither Party had any ability, actual or perceived, to compel, coerce or otherwise require the other to settle any of their claims, causes of action or defenses on terms other than on those terms to which the Party independently agreed were fair, reasonable and adequate.

### 4. Sufficient Investigation and Discovery Has Occurred to Assess the Fairness of the Settlement.

Counsel for Plaintiffs and Defendants have engaged in extensive investigation and discovery regarding each of Plaintiffs' claims and Defendants' defenses sufficient to allow the Parties' respective counsel to assess the Settlement's fairness. (Stipulation ¶ 28.) This investigation and discovery has included, conducting written discovery on each of Plaintiffs' claims and Defendants' defenses as well as reviewing and analyzing Plaintiffs' payroll records and Defendants' payroll

8.   Case No. 5:17-cv-01691-EJD
JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF ACTION

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

policies and practices. As a result, counsel for the Parties have sufficient knowledge to allow them to fully evaluate the merits of the Plaintiffs' claims and Defendants' defenses and assess the Settlement's fairness.

### 5. The Settlement Is A Fair, Reasonable And Adequate Compromise Of This Lawsuit Based On The Strength And Weaknesses Of Plaintiffs' Case And The Risks And Costs Of Further Litigation.

Plaintiffs' allege, among other items, that Defendants' compensation policies and practices violated the FLSA's overtime premium pay provisions and California law and (Docket No. 39, p. 2-8.) Plaintiffs claim Defendants violated these provisions by convincing Plaintiffs to accept cash compensation rather than payroll checks, and by depriving them of overtime compensation. (*Id.* at p. 8:9-13.) Defendants have denied, and continue to deny, each and every claim Plaintiffs raise. (Stipulation ¶ 27.) Defendants also asserted, and continue to assert, that its compensation policies and practices comply with the California and the FLSA's requirements. (*Id.*)

Counsel on both sides have clearly perceived the risks and uncertainties inherent in their respective positions as well as the risks associated with pursuing this case further. (Stipulation ¶ 27.) All Parties believe the proposed Settlement is a fair, reasonable and adequate compromise of the claims given the strength and weaknesses of their respective claims. (Stipulation ¶ 28). The Court's policy favoring settlements also weighs in favor of approving the Settlement. *Dail, supra*, 391 F.Supp. 2d 1142, 1146.

### 6. The Probability Of Plaintiffs' Success On The Merits Weighs In Favor Of Approving The Settlement.

While Plaintiffs believe their claims against Defendants are meritorious, they acknowledge Defendants may prevail on some of its defenses should this matter proceed to trial. Given the substantial uncertainty of which Party may ultimately prevail at trial, the Settlement is clearly a fair reasonable and adequate resolution of Plaintiffs' disputed claims.

### 7. The Settlement Is Fair, Reasonable And Adequate Given The Range Of Plaintiffs' Possible Recovery.

As stated above, Plaintiffs worked for Defendants a varying number of months. In some instances, the period of employment is a mere few months, and in others, it exceeds one year of

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

9.  Case No. 5:17-cv-01691-EJD
JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF ACTION

employment. (*See* Stipulation ¶¶ 6-16.) Given the varying periods of employment worked by Plaintiffs, which in some instances, Defendants claim, amounted to no more than a mere few months, as well as the risks inherent in pursuing this litigation, the Settlement is fair, reasonable and an adequate compromise of this action. *See* Stipulation ¶ 29 for exact settlement figures.

### 8. Counsel Are All Of The Opinion That The Settlement Is Fair, Reasonable And Adequate.

All counsel believes the proposed settlement is fair, reasonable and adequate in light of the complexities of the case, the uncertainties of further litigation, and that it represents a fair and reasonable settlement of this lawsuit. (Stipulation ¶ 28.) Counsel therefore respectfully request the Court approve the settlement of Plaintiffs' individual FLSA claims and enter an Order dismissing this action with prejudice in its entirety. (*Id.*)

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs and Defendants hereby respectfully request that the Court approve the proposed settlements and enter an Order dismissing this action with prejudice.

Dated: March 22, 2019

*/s/ Robert David Baker*
ROBERT DAVID BAKER
ROBERT DAVID BAKER, INC.
Attorneys for Plaintiffs
ZELYN SANCHEZ; ELOINA FUENTES; JENNY FUENTES; ERIK LAZO-RODRIGUEZ; GUSTAVO VALENZUELA; MARIA AYALA; MARIA ANGELA CEJA

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

10.   Case No. 5:17-cv-01691-EJD
JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

Dated: March 22, 2019

                        */s/ Hector J. Rodriguez*

                        HARRY M. DECOURCY
                        HECTOR J. RODRIGUEZ
                        LITTLER MENDELSON, P.C.
                        Attorneys for Defendants
                        TACOMANIA, INC., JOSEFINA FLORES and JOSE A. ROMERO

### Attestation re: Electronic Signatures

I, HECTOR J. RODRIGUEZ, attest pursuant to Northern District Local Rule 5-1(i)(3) that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 22, 2019

                        */s/ Hector J. Rodriguez*
                        HECTOR J. RODRIGUEZ

FIRMWIDE:161258012.2 093206.1001

11.   Case No. 5:17-cv-01691-EJD
JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150